UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Zuleik Veloz
and other similarly
situated individuals,

    Plaintiff(s),
v.

Univida Hallandale Medical Center LLC
Hermann J. Lange,
and Hermann A. Lange, Jr., individually

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Zuleik Veloz, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Univida Hallandale Medical Center LLC, Hermann J. Lange, and Hermann A. Lange, Jr., and alleges:

Jurisdiction Venues and Parties

1. This action is to recover monetary damages for unpaid regular hours, overtime wages, and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Zuleik Veloz is a resident of Broward County, within the jurisdiction of this Honorable Court, and is otherwise sui juris Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Univida Hallandale Medical Center LLC (from now on Univida Medical Center, or Defendant) is a Florida Limited Liability Company, having a business in Hallandale, Broward County, Florida, where Plaintiff worked for Defendant.

4. Defendants Hermann J. Lange and Hermann A. Lange, Jr., were and are now the owners/partners/officers and directed operations of Defendant corporation Univida Medical Center. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Broward County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff Zuleik Veloz brings this cause of action as a collective action to recover from the Defendants minimum wages overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2022, (the "material time") without being adequately compensated.

7. Defendant Univida Medical Center provides comprehensive primary and specialty medical services to children, women, men, and elderly patients.

8. Defendant Univida Medical Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1), (2) (A), and 203(s)(1)(A). Defendant is a medical center engaged in the care of the sick and the elderly and works in connection

    with the activities of a public agency. Defendant had more than two employees recurrently engaged in commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources and by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a front desk employee. To perform her work, Plaintiff regularly used the channels of interstate commerce. Therefore, there is FLSA individual coverage.

10. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr., employed Plaintiff Zuleik Veloz as a non-exempted, full-time, hourly employee from approximately April 01, 2022, to January 23, 2024, or 94 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 82 weeks (during her first twelve weeks of employment, Plaintiff received overtime payment).

11. Plaintiff was hired as a front desk clerk. Plaintiff's duties included general medical center office work. Plaintiff was paid $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

12. During her employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked five days weekly, from Monday to Friday, from 8:00 AM to 5:30 AM (9.5 hours daily). Defendants deducted 1 hour of lunchtime daily (5 hours weekly), although Plaintiff could not take bonafide lunchtime periods. Thus, Plaintiff worked a total of 47.5 hours weekly.

13. Plaintiff was paid overtime hours for the first 12 weeks of employment. Afterward, every week, Plaintiff was paid only for 40 regular hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

14. Plaintiff worked more than 40 hours weekly but was not paid for overtime hours, as required by law.

15. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff was paid by direct deposits with paystubs that did not show accurate information about the number of hours worked.

18. Plaintiff disagreed with the lack of payment for overtime hours, and she complained many times to her superiors.

19. Moreover, Defendants did not promptly pay Plaintiff her wages on payday.

20. On or about Friday, January 19, 2024, Plaintiff complained to HR Anny Hoffman the last time. Plaintiff complained about three weeks of unpaid regular wages and unpaid overtime. HR Anny Hoffman stated that she would talk to the business owners.

21. On or about January 22, 2024, manager Lidia Martin called Plaintiff and informed her that she was fired because the business owners did not want Plaintiff to work there anymore.

22. At the time of her firing, Defendants denied Plaintiff the payment of her overdue wages.

23. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act.

24. At times mentioned, individual Defendants Hermann J. Lange and Hermann A. Lange were, and are now, the owners/partners/and operated Univida Medical Center. Defendants Hermann J. Lange and Hermann A. Lange were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These Defendants acted directly in Univida Medical Center's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Hermann J. Lange and Hermann A. Lange had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

25. Plaintiff Zuleik Veloz seeks to recover unpaid regular and overtime wages for every hour worked over 40 during her employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

26. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour at the rate of time and one-half their regular rate.

28. This action is intended to include every front desk employee, office clerk, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

29. Plaintiff Zuleik Veloz re-adopts every factual allegation stated in paragraphs 1-28 above as if set out in full herein.

30. Plaintiff Zuleik Veloz brings this cause of action as a collective action to recover from Defendants overtime compensation, retaliatory and liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2022, (the "material time") without being adequately compensated.

31. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. employed Plaintiff Zuleik Veloz as a non-exempted, full-time, hourly employee from approximately April 01, 2022, to January 23, 2024, or 94 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 82 weeks (during her first twelve weeks of employment, Plaintiff received overtime payment).

32. Plaintiff was hired as a front desk clerk. Plaintiff was paid $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

33. During her employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked five days weekly, from Monday to Friday, from 8:00 AM to 5:30 AM (9.5 hours daily). Defendants deducted 1 hour of lunchtime daily (5 hours weekly), although Plaintiff could not take bonafide lunchtime periods. Thus, Plaintiff worked a total of 47.5 hours weekly.

34. Plaintiff was paid overtime for the first 12 weeks of employment. Afterward, every week, Plaintiff was paid only for 40 regular hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

35. Plaintiff worked more than 40 hours weekly but was not paid for overtime hours, as required by law.

36. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

38. Plaintiff was paid by direct deposits with paystubs that did not show accurate information about the number of hours worked.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

41. Plaintiff does not have time and payment records, but she will provide a good-faith estimate of her unpaid overtime wages based on her recalls and knowledge. Plaintiff will amend her Statement of Claim after discovery.

   *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Fifteen Thousand Six Hundred Eighty-Two Dollars and 50/100 ($15,682.50)

 b. <u>Calculation of such wages</u>:

  Total period of employment: 94 weeks
  Relevant weeks of employment:  82 weeks
  Total hours worked:  47.5 hours weekly average
  Total unpaid O/T hours:  7.5 overtime hours
  Rate paid: $17.00 an hour x 1.5=$25.50
  O/T rate: $25.50 an hour

  O/T 25.50 x 7.5 O/T hours=$191.25 weekly x 82 weeks=$15,682.50

 c. <u>Nature of wages (e.g., overtime or straight time):</u>[1]

 This amount represents unpaid overtime wages.

42. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

one-half her regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Zuleik Veloz and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Zuleik Veloz and other similarly situated individuals and against Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Zuleik Veloz actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Zuleik Veloz demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

46. Plaintiff Zuleik Veloz re-adopts every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

47. Plaintiff Zuleik Veloz brings this action and those similarly situated to recover from the Employer Univida Medical Center unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

48. Defendant Univida Medical Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

49. because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

50. 29 USC §206 states (a), "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

     (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

     (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

51. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr., employed Plaintiff Zuleik Veloz as a non-exempted, full-time, hourly employee from approximately April 01, 2022, to January 23, 2024, or 94 weeks. However, for FLSA

purposes, Plaintiff's relevant employment period is 82 weeks (during her first twelve weeks of employment, Plaintiff received overtime payment).

52. Plaintiff was hired as a front desk clerk. Plaintiff's duties included general medical center office work. Plaintiff was paid $17.00 an hour.

53. During her employment with Defendants, Plaintiff had a regular schedule. Plaintiff worked five days weekly, from Monday to Friday, from 8:00 AM to 5:30 AM (9.5 hours daily). Defendants deducted 1 hour of lunchtime daily (5 hours weekly), even though Plaintiff could not take bonafide lunchtime periods. Thus, Plaintiff worked a total of 47.5 hours weekly.

54. Plaintiff was paid her hours for the first 12 weeks of employment. Afterward, every week, Plaintiff was paid only for 40 regular hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

55. During her employment with Defendants, Plaintiff was not promptly paid her wages on payday.

56. On or about Friday, January 19, 2024, Plaintiff complained to HR Anny Hoffman. Plaintiff complained about three weeks of unpaid regular wages.

57. On or about January 22, 2024, Defendants fired Plaintiff. Defendants denied Plaintiff the payment of her overdue wages at the time of her firing.

58. a substantial number of working hours were not paid at any rate, not even at the minimum wage rate.

59. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

60. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act.

61. Plaintiff was paid by direct deposits with paystubs that did not show accurate information about the number of hours worked.

62. The records, if any, concerning the number of hours worked by Plaintiff Zuleik Veloz and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, based on information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

63. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

64. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

65. At the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

* Please note that this amount is based on preliminary calculations and that these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.
  *Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Four Hundred Forty Dollars and 00/100 ($1,440.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment:  94 weeks
       Total relevant weeks of employment: 3 weeks
       Total number of hours worked: 40 regular hours
       Regular rate:  $17.00 an hour

Florida minimum wage rate 2023-2024: $12.00 an hour

$12.00 x 40 regular hours=$480.00 weekly x 3 weeks=$1,440.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid minimum wages in FL minimum wage rate[2]

66. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. unlawfully failed to pay Plaintiff minimum wages.

67. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

68. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

Wherefore, Plaintiff Zuleik Veloz and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Zuleik Veloz and against the Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Zuleik Veloz and those similarly situated demand trial by jury of all issues triable as a right by jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3), AGAINST ALL DEFENDANTS**

69. Plaintiff Zuleik Veloz re-adopts every factual allegation stated in paragraphs 1-28 of this Complaint as if set out in full herein.

70. Defendant Univida Medical Center was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

71. because of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

72. 29 USC § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

73. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

74. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

75. Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr., employed Plaintiff Zuleik Veloz as a non-exempted, full-time, hourly employee from approximately April 01, 2022, to January 23, 2024, or 94 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 82 weeks (during her first twelve weeks of employment, Plaintiff received overtime payment).

76. Plaintiff was hired as a front desk clerk. Plaintiff's duties included general medical center office work. Plaintiff was paid $17.00 an hour. Plaintiff's overtime rate should be $25.50 an hour.

77. During her employment with Defendants, Plaintiff worked five days weekly, from Monday to Friday, from 8:00 AM to 5:30 AM (9.5 hours daily). Defendants deducted 1 hour of lunchtime daily (5 hours weekly), although Plaintiff could not take bonafide lunchtime periods. Thus, Plaintiff worked a total of 47.5 hours weekly.

78. Plaintiff was paid overtime for the first 12 weeks of employment. Afterward, every week, Plaintiff was paid only for 40 regular hours. The remaining hours were not paid at any rate, not even at the minimum wage rate.

79. Plaintiff worked more than 40 hours weekly but was not paid for overtime hours, as required by law.

80. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

81. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

82. Plaintiff disagreed with the lack of payment for overtime hours, and she complained many times to her superiors.

83. Moreover, Defendants did not promptly pay Plaintiff her wages on payday.

84. On or about Friday, January 19, 2024, Plaintiff complained to HR Anny Hoffman the last time. Plaintiff complained about three weeks of unpaid regular wages and unpaid overtime. HR Anny Hoffman stated that she would talk to the business owners.

85. These complaints constituted protected activity under the FLSA.

86. However, on or about January 22, 2024, as a direct result of Plaintiff's complaints, manager Lidia Martin called Plaintiff. She said she was fired because the business owners did not want Plaintiff to work there anymore.

87. Defendants denied Plaintiff the payment of her overdue wages at the time of her firing.

88. Therefore, Defendants also willfully failed to pay Plaintiff minimum wages in violation of 29 USC §206 states (a) of the Fair Labor Standards Act.

89. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

90. There is close proximity between Plaintiff's protected activity and her termination.

91. As described above, The motivating factor that caused Plaintiff's discharge was her complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid regular and overtime wages.

92. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

93. Plaintiff Zuleik Veloz has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

Prayer For Relief

Wherefore, Plaintiff Zuleik Veloz respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr. that Plaintiff Zuleik Veloz recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Univida Medical Center, Hermann J. Lange, and Hermann A. Lange, Jr., to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Zuleik Veloz further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Zuleik Veloz demands trial by a jury of all issues triable as of right by a jury.

Date:  February 29, 2024

                                              Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*